CASE 36—PETITION EQUITY—MARCH 10.

## Wood's Ex'or v. Wood, Etc.

APPEAL FROM SHELBY CIRCUIT COURT.

1. REVIVOR OF ACTIONS.—An action to settle the estate of a decedent may be immediately revived upon the death of one of the devisees who was a party thereto, against whom no personal judgment was sought, and whose property was not sought to be sold or subjected.

P. J. FOREE FOR APPELLANT.

1. The provisions of section 507 of the Civil Code only apply to actions where land is sought to be subjected to the payment of a debt of the defendant who dies pending the action; in this case no judgment was sought subjecting the property of Mrs. Doyle, or seeking any judgment against her, but she was merely a necessary party in the suit to sell the testator's property for the payment of his debts.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This suit was instituted by Joe Wood in his own name, and as executor of J. W. Wood, deceased, against the children and creditors of J. W. Wood, for the purpose of a settlement of the estate. The judgment was entered

ordering a sale of certain lands which belonged to the
testator, J. W. Wood, to pay the debts due from the es-
tate.    After the judgment was rendered and before the
sale of the property, Bertie W. Doyle, who was a daughter
of the testator, died, leaving two infant children.    The
action was revived against the children, and the prop-
erty was sold under the judgment of the court.    Excep-
tions were filed to the report of the sale and the court set
it aside, because the action was revived before the expir-
ation of six months after the death of Mrs. Doyle.

The sole question in this case is as to whether the ac-
tion could be revived before the expiration of six months
after the death of Mrs. Doyle.    It was not a judgment *in
personam* against Mrs. Doyle, nor was the claim in suit
against her; but it was a claim against the estate left by
the testator, and the judgment was for the sale of the
property left by the testator to pay his debts.    Had the
executor failed to institute the action until after the
death of Mrs. Doyle, he could have done so at once, be-
cause the purpose of it was to settle the estate of the
testator.    No reason existed why there should have been
a delay for six months in reviving the action.

Had it been a demand or personal judgment against
Mrs. Doyle, then the order of revivor would have been
prematurely made.    Under the Kentucky Statutes an ac-
tion is not maintainable against the personal represent-
ative of the decedent until six months after his qualifica-
tion, except to settle the estate or against an executor
*de son tort;* nor can an action, the like of which is em-
braced by the provisions of section 507, Civil Code of Prac-

tice, be revived for six months after the death of the decedent.

As the General Assembly thought it proper to allow actions to be brought for the settlement of estates before the expiration of six months after the qualification of such personal representative, it certainly did not intend that it could not be revived for six months after the death of one of the real representatives. It is different when the relief sought is a personal judgment against the defendant (who died pending the suit), or when the action is to recover his property or subject it to the payment of a demand against him. In such cases the personal and real representatives are entitled to have time in which to pay the demand or judgment, or to make defense when they conceive the facts warrant it.

If six months must elapse from the time of the death of a child or grandchild of a decedent before an action to settle the estate can be revived, then, if the defendants are numerous, deaths might occur and delay the settlement of the estate for years. We do not think the Code provisions with reference to the time of the revival of actions and judgments, apply to a case or a judgment like the one under consideration.

The judgment is reversed for proceedings consistent with this opinion.